UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDY DUNBAR,

    Plaintiff,

v.

SGT. CHARLES ROGERS and DETROIT
POLICE DEPARTMENT,

    Defendants.
                                               /

Case No. 5:06-cv-13779

Hon. John Corbett O'Meara

**OPINION AND ORDER GRANTING DEFENDANTS' JUNE 2, 2007
MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on Defendants' June 2, 2007 Motion for Summary Judgment. Plaintiff filed a response on July 11, 2007. Oral argument was heard on July 26, 2007.

**BACKGROUND FACTS**

On November 20, 2005, Nicole Johnson (not a party to this case) called the Detroit Police Department to report that plaintiff Brandy Dunbar had thrown a rock at her car causing damage. Johnson accused Plaintiff of causing damage in the amount of $800 which is a misdemeanor. On May 17, 2006, a warrant was issued for Plaintiff's arrest. Defendant Sergeant Rogers contacted Plaintiff by phone notifying her of the warrant and her option to turn herself in. Plaintiff refused to do so, indicating that she wished to have her attorney present and hung up on him. Defendant Rogers called Plaintiff back a couple of days later to try to find a time to have Plaintiff turn herself in, and again she hung up on him.

On Saturday, June 3, 2006, defendant Rogers had two police officers arrest Plaintiff at her home pursuant to the outstanding warrant. Plaintiff was at home alone with her children, ages 6 and 2. Defendant Rogers made arrangements for the children to be picked up by their father.

Plaintiff was taken to the police station where she was processed and placed in an interrogation room. Defendant Rogers asked Plaintiff what happened to Ms. Johnson's car, and Plaintiff indicated that she did not want to comment without her attorney. According to Plaintiff, she was taunted by defendant Rogers and then taken to a cell. After being alone in the cell for about an hour, Plaintiff alleges that defendant Rogers came into the cell and threatened her. Plaintiff spent the night in the cell. Following a video arraignment, she remained there until her release on Sunday, June 4, 2006, at approximately 3:00 p.m.

On November 6, 2006, Plaintiff pleaded "no contest" to the charge of malicious destruction of property over $200 but less than $1,000. On January 22, 2007, Plaintiff was sentenced to nine months of supervised probation, was assessed a number of fees and fines, and was required to attend anger management classes.

Plaintiff filed her third amended complaint in this matter on May 4, 2007, pursuant to 42 U.S.C. § 1983, alleging that the defendants violated her rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution.

Defendants now move for summary judgment. Defendants claim that defendant Detroit Police Department is entitled to dismissal because it is not a legal entity subject to suit. Defendants also claim that Plaintiff has failed to establish a genuine issue of material fact as to whether defendant Rogers violated Plaintiff's rights under the Fifth,

Sixth, and Fourteenth Amendments. Defendants further argue that if defendant Rogers is found to have violated a constitutional right, he is entitled to qualified immunity.

## LAW AND ANALYSIS

Michigan law provides that a municipal police department is a division of the municipality. Mich. Comp. Laws Ann. § 92.1. In Michigan, police departments "generally cannot be sued in their own right because they are not a distinct legal unit apart from the municipality that creates them." Hirmuz v. City of Madison Heights, 469 F. Supp. 2d 466, 484 (E.D. Mich. 2007). The claims against defendant Detroit Police Department will be dismissed.

To state a claim against a municipal officer pursuant to 42 U.S.C. § 1983, a plaintiff must establish "(a) deprivation of a right secured under the Constitution or federal law; and (b) [the] deprivation was cause by a person acting under color of state law." Alkire v. Irving, 330 F.3d 802, 813 (6th Cir. 2003). It is uncontested that defendant Rogers was acting under color of state law. The question is whether, when looking at the facts in the light most favorable to Plaintiff, defendant Rogers deprived her of her Fifth, Sixth or Fourteenth Amendment rights.

Plaintiff alleges that she was deprived of her right to remain silent and free from self-incrimination under the Fifth Amendment, her right to counsel under the Sixth Amendment, as well as her rights to due process and equal protection under the Fourteenth Amendment when Defendants caused her to be arrested and held in jail overnight. Viewing the facts in the light most favorable to Plaintiff, it is clear that there have been no constitutional violations and that she has not been deprived of any rights. Plaintiff has failed to present specific facts to show that there is a genuine issue for trial.

Plaintiff's allegation that defendant Roger deprived her of her Fifth and Sixth Amendment rights stem from the fact that she stated early on, before her arrest, that she did not wish to speak to the police and would only do so through counsel. Plaintiff alleges that coercive practices were used to compel her to testify against herself in violation of the Fifth Amendment.

The Fifth Amendment requires that "no person... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. Police questioning does not constitute a case. Chavez v. Martinez, 538 U.S. 760, 767 (2003). The Supreme Court has made it clear that "mere coercion does not violate the . . . *Self-Incrimination Clause* absent use of the compelled statements in a criminal case." Id. at *769*. The United States Court of Appeals for the Sixth Circuit wrote, "[i]t is only once compelled incriminating statements are used in a criminal proceeding, as a plurality of six justices held in Chavez v. Martinez, that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action." McKinley v. City of Mansfield, 404 F.3d 418, 430 (6th Cir. 2005) (citing Chavez, 538 U.S. at 769, 772-73).

Plaintiff points to defendant Rogers' taunting and threatening as evidence of his coercive practices. Plaintiff indicates that she was taunted by defendant Rogers following her refusal to give a statement and was threatened by defendant Rogers while in her jail cell. She does not claim that either of defendant Rogers' actions coerced her into making any statement; therefore, Plaintiff's Fifth Amendment rights were not violated because she never provided a statement under coercion to be used against her in a criminal case.

Similarly, the Supreme Court has indicated that a Sixth Amendment violation occurs when evidence that is deliberately elicited in the absence of counsel from an individual is used in trial. Massiah, 377 U.S. at 206. It has been firmly established that a person's Sixth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him or her. See Powell v. Alabama, 287 U.S. 45, 57 (1932); Massiah v. United States, 377 U.S. 201, 206 (1972). The initiation of adversary judicial proceedings includes a formal charge, preliminary hearing, indictment, information, or arraignment. Kirby v. Illinois, 406 U.S. 682, 689 (1972). Once again, Plaintiff provided no statement; thus, there can be no deliberately elicited evidence that was obtained in the absence of counsel. Therefore, there has been no Sixth Amendment violation.

Plaintiff argues that defendant Rogers violated her substantive due process rights by engaging in practices that "shock the conscience." A substantive due process claim may lie for conduct that "shocks the conscience" because convictions based on evidence obtained by such conduct that is "so brutal and so offensive to human dignity" violate the Due Process Clause. Chavez, 538 U.S. at 774 (citing Rochin v. California, 342 U.S. 165, 172 (1952)). While most allegations of conduct that "shocks the conscience" have involved instances of alleged excessive force or physical abuse, the Supreme Court has abandoned such a standard even in those instances. See Graham v. Connor, 490 U.S. 386 (1989). The United States Court of Appeals for the Sixth Circuit has also addressed the ineffectiveness of the test. See Braley v. City of Pontiac, 906 F.2d 220 (1990). Therefore, Plaintiff's allegations cannot rise to a violation of substantive due process for conduct that "shocks the conscience." However, the Supreme Court has expressed that

deprivations of liberty caused by "the most egregious official conduct" may violate the Due Process Clause. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

None of the actions described by Plaintiff can be said to be "the most egregious official conduct." While the plaintiff may have been arrested late on a Saturday night leaving her two young children, arrangements were made for their father to pick them up. Furthermore, taking the allegations in Plaintiff's affidavit as true, the taunts and threats as described are not "the most egregious official conduct." Plaintiff has not shown that she has been deprived of her due process rights.

Plaintiff also claims that she was intentionally treated differently from others similarly situated because the precinct did not have facilities for the overnight incarceration of women prisoners. She argues she is a "class of one" plaintiff who may bring an equal protection claim under the Fourteenth Amendment. A "class of one" plaintiff may do so but must also show that there is no rational basis for the difference in treatment to be successful. See Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

The facts do not support that she is a "class of one." Female prisoners are normally taken to other facilities specifically designated to hold female prisoners. Though placing Plaintiff in custody overnight in a facility that does not normally hold women is uncommon, it is not alleged that it was never done. Plaintiff cannot be characterized as a "class of one" because she has not shown that she was intentionally treated differently. Additionally, even if Plaintiff could be categorized as a "class of one," she has not demonstrated that defendant Rogers' actions lacked a rational basis. Therefore, Plaintiff has not shown that she has been deprived of her right to equal protection.

Plaintiff has not alleged facts that would constitute violations of the Fifth, Sixth, or Fourteenth Amendments to the Constitution. Accordingly, Defendants are entitled to summary judgment.

## **ORDER**

It is hereby **ORDERED** that Defendants' June 2, 2007 Motion for Summary Judgment is **GRANTED**.

s/John Corbett O'Meara
United States District Judge

Date: August 08, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 8, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager